IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONZO J. STANLEY,

                                                  OPINION AND ORDER

              Petitioner,

                                                  03-cr-62-bbc

   v.                                                15-cv-222-bbc

UNITED STATES OF AMERICA,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Lonzo J. Stanley has filed a post conviction motion under 28 U.S.C. § 2255, challenging the sentence imposed on him in 2004 after he had been found guilty of distribution of crack cocaine. He contends that changes in the law since he was sentenced show that he no longer qualifies as a career offender under the sentencing guidelines and should be resentenced. Petitioner's motion raises interesting questions in light of appellate opinions that have issued since he was sentenced, but the motion must be denied, both because it is untimely and because it is based upon a misunderstanding of the changes in the law.

BACKGROUND

On June 4, 2003, a grand jury indicted petitioner on four counts of distribution of cocaine base. After he entered a plea of guilty to one count, the probation office determined

1

that he was a career offender because he had at least two prior convictions for either a federal controlled substance offense or a felony crime of violence. U.S.S.G. §§ 4B1.1, 4B1.2. In fact, it appears that he may have had three qualifying convictions. All of the convictions were from Cook County, Illinois: one in 1993 for delivery of a controlled substance; one in 1994 for unlawful use of a weapon by a felon; and one in 1998 for aggravated battery of a police officer.

On July 14, 2004, petitioner was sentenced as a career offender to a term of 200 months. He did not take an appeal.

OPINION

Petitioner does not challenge his first conviction in 1993 for delivery of a controlled substance, for good reason. This conviction meets the criteria set out in U.S.S.G. § 4B1.2: (1) it was an offense under state law (2) punishable by imprisonment for a term exceeding one year (3) that prohibited the distribution of a controlled substance. However, he does challenge his 1994 conviction for unlawful use of a weapon by felon under Illinois law, 720 ILCS 5/24-2, arguing that the Court of Appeals for the Seventh Circuit held in Moore v. Madigan, 702 F.3d 933 (7th Cir. 2012), that the Second Amendment barred state or local governments in Illinois from enacting laws prohibiting the carrying of guns ready to use, that is, loaded, immediately accessible and uncased.

It is true that the court of appeals found Illinois's law unconstitutional in light of the Supreme Court's decisions in District of Columbia v. Heller, 554 U.S. 570 (2008), and

McDonald v. City of Chicago, 561 U.S. 742 (2010). Although neither Heller nor McDonald involved the constitutionality of carrying a gun outside the home for self-protection, the court of appeals found that the Court's historical analysis implied that "the constitutional right of armed self-defense is broader than the right to have a gun in one's house." Moore, 702 F.3d at 935.

Although the court of appeals broadened the scope of the right recognized by the Supreme Court, the holding does not affect petitioner's conviction, because the charge against him was not one of simply carrying a gun in violation of Illinois law but of being a felon using a gun unlawfully. No court has ruled that the Second Amendment is violated by laws banning felons from using or carrying guns. To the contrary, the Supreme Court emphasized in Heller, 554 U.S. at 626, that "the right secured by the Second Amendment is not unlimited. . . . nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill."

The presentence report prepared for petitioner's sentencing in this court suggests that he was arrested when police observed him walking from a Chicago Housing Authority building with a loaded .38 caliber semi-automatic revolver in his right hand. Nothing in the presentence report suggests that at the time of his arrest, he had used the revolver or was threatening to use it. It is conceivable that Begay v. United States, 553 U.S. 137, 142-45 (2008), would support a successful attack against petitioner's classification as a career offender. In Begay, the Court held that the term, "violent felony," as used in § 924(e)(2)(B), applied only to the examples specified in subsection (B) (those crimes that have "as an

3

element the use, attempted use, or threatened use of physical force against the person of another" or otherwise involve conduct that presents a serious potential risk of physical injury to another). The Court explained that the term was limited to crimes "that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves," id. at 143, such as burglary, arson, extortion, use of explosives, all of which "involve purposeful, 'violent,' and 'aggressive' conduct. Id. at 145. In Begay, the question was whether driving under the influence of alcohol was a "violent felony" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court held that although driving while drunk posed a high degree of risk, it did not involve the kind of purposeful, violent and aggressive conduct contemplated by the term, "violent felony." The Court might take the same approach with respect to a gun that is merely carried and not used violently, aggressively or purposefully, even if carried by a felon.

However, Begay was decided in 2008. To take advantage of its holding, petitioner would have had to bring his attack within a year after the case was decided. 28 U.S.C. § 2255(f) (one-year limitation period for filing motion for post conviction relief runs from the latest of four dates, the third of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner did not do this, so he is probably barred from doing so now. Even if he were to argue that he had no reason to think that Begay had any bearing on his conviction until the court of appeals decided Moore and even if the court were to entertain a § 2255 motion on that basis, he

4

would still be too late.  The limitation period for bringing a suit challenging his conviction under Moore expired one year after Moore was decided, which was December 11, 2012.

Under Seventh Circuit law, in some instances, a prisoner who cannot take advantage of § 2255 may take advantage of 28 U.S.C. § 2241.  To do so, he must file the motion in the district in which he is incarcerated and he must make three showings:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case."  Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion.  The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding.

Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013) (quoting Brown v. Rios, 696 F.3d [638,] 640 [7th Cir. 2012] (internal citations omitted).

It is highly unlikely that petitioner could succeed on a motion filed under 28 U.S.C. § 2241.  True, he could rely on the fact that Begay was a case of interpretation of a statute (the Armed Career Criminal Act, 18 U.S.C. § 924(c)), and it is arguable that he could meet the third condition of showing that his sentence enhancement was a miscarriage of justice. Application of the career offender guideline might be found to be a fundamental sentencing defect if petitioner could prove that his crime of carrying a gun as a felon was not purposeful, aggressive or violent.  However, he would fail on the second showing because he could have filed a timely § 2255 motion after Moore was decided, such a motion would have been his first and he could have invoked Begay in his motion.

Petitioner challenges a third conviction for aggravated battery of a peace officer.  He argues that under United States v. Hampton, 675 F.3d 720 (7th Cir. 2012), this conviction

5

would not count as a violent felony under the sentencing guidelines because the statute under which he was convicted included conduct that would not qualify as violent. In Hampton, the court of appeals analyzed 720 ILCS 5/12-3(a), which defined a "battery" as applying to anyone who "knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual" It is possible that this is the statute under which petitioner was convicted, but it is not possible to know this from the presentence report or, if it was, under which section petitioner was convicted. If it was section (2), under Hampton, his crime would not count as a predicate offense under the guidelines (which use the same criteria for determining a "violent felony" as does the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)). As the court found in Hampton, because section (2) could apply to conduct that was only insulting or provoking, a conviction under it did not "satisfy the so-called 'residual clause' of the violent-felony definition, which sweeps in crimes that 'otherwise involve [] conduct that presents a serious potential risk of physical injury to another.'" Id. at 729 (quoting § 924(e)(2)(B)). However, the point is moot, because petitioner did not raise the issue until now, long after Begay was decided.

Petitioner argues that the time limits in § 2255(f) should be waived because he is actually innocent of the crimes that were used to support his career offender status. The Supreme Court has applied the miscarriage of justice exception to overcome procedural defaults in rare circumstances when the petitioner has made a strong showing of actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1932 (2013). Petitioner has made no

6

such showing in this case, with respect to either his underlying conviction or to the convictions relied upon to make him a career offender under the sentencing guidelines. His challenge is only to his sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, defendant has not made the necessary showing, so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Lonzo J. Stanley's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22, as explained above.

Entered this 5th day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge